Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law, A Law Corporation

KRISTIN L. HOLLAND                        10063
CHRISTOPHER G. M. FARGO-MASUDA   10526
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:    kholland@ahfi.com
            cfargo-masuda@ahfi.com

Attorneys for Plaintiff
DE WITT LAMAR LONG

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DE WITT LAMAR LONG,<br><br>            Plaintiff,<br><br>    vs.<br><br>SGT. A. MAKUA III, a Correctional Officer; KALEONAHE E. WOO, a Correctional Officer; B. ARAKAKI, a Correctional Officer; DWAYNE K. HANEY, a Correctional Officer,<br><br>            Defendants. | Case No. 16-00372 DKW-RLP<br><br>PLAINTIFF DE WITT LAMAR LONG'S **MEMORANDUM IN OPPOSITION TO** [ECF NO. 54] DEFENDANT ANDREW MAKUA'S **MOTION TO DISMISS COUNT I OF PLANITFF'S SECOND AMENDED COMPLAINT FILED ON APRIL 18, 2017;** CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date:    October 20, 2017<br>Time:    9:30 a.m.<br>Judge:  Honorable  Derrick K. Watson |

997274v1 / 12723-1

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS COUNT I

## I.    INTRODUCTION

When Sgt. Andrew Makua, III ("Sgt. Makua") refused De Witt Lamar Long ("Mr. Long") an evening meal in 2013, it was just one in a series of related acts where correctional officers targeted Mr. Long's ability to practice his religion. These violations continued every Ramadan for the entire period Mr. Long was incarcerated at Oahu Community Correctional Center (OCCC).  Because Mr. Long filed his first complaint within two years of some of these incidents, the statute of limitations is tolled and he should not be foreclosed from pursuing his claim against Sgt. Makua.

## II.    BACKGROUND

### A.    **OCCC correctional officers forced De Witt Lamar Long to go without food every Ramadan for 24 hour periods.**

Ramadan observance occurs once a year.  During the Ramadan month practicing Muslims go without food or drink during daylight hours.  (Second Amended Complaint (SAC), ECF No. 28, ¶ 11).  Mr. Long's period of incarceration at OCCC included both the 2013 Ramadan observance and the 2014 Ramadan observance.  *Id.* ¶ 14-15.  Each year Mr. Long added his name to a list of observing Muslims participating in Ramadan.  *Id.* ¶ 12-13.

Count I occurred on July 15, 2013 when Sgt. Makua refused to provide Mr. Long a meal that did not violate his religious principles at 7:00 p.m. *Id.* ¶ 14.  Mr. Long explained both his reason for abstaining from food since 5:00 a.m. and the reason he could not eat the type of meal provided.  *Id.*  He requested Sgt. Makua call the kitchen for food he could eat.  *Id.*  Again, Sgt. Makua refused. *Id.*  Forced to choose between eating and violating his religion, Mr. Long went without food for 24 hours.  *Id.*

Each of the four counts in Mr. Long's SAC follow this same pattern involving correctional officers denying Mr. Long one of the only two daily meals he can eat while observing Ramadan.  Counts II, III, and IV involve the morning, 5:00 a.m., meal in 2014.  *Id.* ¶ 16, 19, 22.  Count I involves the 7:00 p.m. evening meal in 2013.  *Id.* ¶ 14.  Although Sgt. Makua's denial of the evening meal is the only incident listed in the complaint from 2013, in context with the related violations of being refused 5:00 a.m. meals in 2014, Sgt. Makua's denial was not an isolated event.

Mr. Long's OCCC incarceration began after 2012 Ramadan, so the 2013 observance was the first time Mr. Long tried to practice this part of his religion at this prison.  *Id.* ¶ 12.  The next year, Ramadan observance began on June 28, 2014.  *Id.* ¶ 15.  Within four days, Mr. Long was refused his morning meal.  *Id.* ¶ 16.  Within ten days, Mr. Long was forced to file three formal

grievances against three different correctional officers; all for being denied different 5:00 a.m. meals and being forced to go without food for 24 hour periods. *Id.* ¶ 18, 21, 24.

The timing of the surrounding events further demonstrates the common chain linking all four counts of the SAC.  Mr. Long wrote his third grievance when denied a morning meal on July 9, 2014.  *Id.* ¶ 24.  The very next day, Mr. Long was transferred out of OCCC under the threat of being placed in administrative segregation.  *Id.* ¶ 25.  He was not allowed to bring any personal effects, including his legal materials.  *Id.*  At the new prison Mr. Long was informed his prior grievances were moot.  *Id.* ¶ 26-27.

Mr. Long filed his first prisoner civil rights complaint (ECF No. 1) regarding these matters on July 5, 2016.

## III.   LEGAL STANDARD

**A.   <u>42 U.S.C. § 1983 claims are tolled when a series of related acts target a single individual as long as the complaint is brought within two years of just one of the incidents.</u>**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. [. . .] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  "When a motion to dismiss is based on the running of a statute of limitation period, dismissal can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991) (quotations omitted).

In Hawai`i, 42 U.S.C § 1983 suits borrow the state statute of limitation period for personal injury actions.  *See Owens v. Okure*, 488 U.S. 235, 240-41 (1989); *Pele Defense Fund v. Paty*, 73 Haw. 578, 595, 837 P.2d 1247, 1259 (Haw. 1992) (holding the two year period from HRS § 657-7 applies to claims brought under §1983).  Additionally, "[w]hen federal courts borrow a state statute of limitations, they also apply the state's tolling law if it is not inconsistent with federal law."  *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir. 1983).

"[T]he continuing violations doctrine tolls the statute of limitations for alleged violations that form part of a pattern of ongoing unlawful conduct."  *Allen v. Iranon*, 99 F. Supp. 2d 1216, 1238 (D. Haw. 1999).  "A continuing violation may be established by demonstrating a series of related acts against a single individual, one or more of which falls within the limitations period."  *Id.*  (quoting *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1480-81 (9th Cir. 1989)).

In *Allen v. Iranon*, Dr. Allen brought a §1983 suit for retaliation and constructive discharge, in violation of his First Amendment rights, against a number of prison administrators at the Hawai'i Department of Public Safety (DPS). *Id.* at 1237.  Dr. Allen alleged multiple incidents starting in the late 1980s and continuing over the course of his employment at Halawa Correctional Facility until he resigned in April 1997.  *Id.* at 1240.  The court found at least one significant incident three years before Dr. Allen resigned, when he was inappropriately locked out of the prison facility in March 1994.  *Id.*  However, the court held the "statute of limitations does not bar any of Plaintiff's claims, since all of the allegations are sufficiently related to constitute a continuing violation." *Id.* at 1239.  The court also found one defendant was no longer employed by DPS when Dr. Allen resigned in 1997 and therefore was not present for at least one of the discrete events.  *Id.* at 1218.

## IV.  ARGUMENT

### A.  <u>Count I of Mr. Long's SAC is significantly related to Counts II, III, and IV and should not be dismissed as time barred.</u>

Sgt. Makua's motion asks the Court to look at Count 1 in a vacuum and ignore the continuing reality of all the events taken together.  Even now, it is clear from the Mr. Long's pleading that his attempts to obtain meals appropriate to the observance of Ramadan were impeded 2013 by Sgt. Makua (and possibly other

prison employees), and that similiar depravations continued in the same form, with the same tactics, and through employees at the OCCC facility into 2014.

During the 2013 Ramadan observance, Mr. Long suffered a number of depravations regarding his religious practice.  The reason Sgt. Makua is the only defendant named in the complaint for that year is Mr. Long's access to information has been constricted to the realities of his confinement and the stage of these proceedings.  But even with these limited resources, the mounting evidence already shows systemic prison officer acts to hinder Mr. Long's ability to observe Ramadan principles. The operative pleading supports the inference that all of these acts are related and part of organized, ongoing actions by the guards to deny Mr. Long's religious meal requirements.

Like *Allen v. Iranon*, the events described in Mr. Long's complaint occurred over a number of years.  While count against Sgt. Makua is currently supported by an incident that occurred over two years before Mr. Long first filed this case, discovery may reveal other facts that support tolling.  Sgt. Makua's actions were in the same pattern as those of the correctional officers in 2014; and these actions continued to take place within two years of the date of filing.  All four defendants targeted Mr. Long and denied him the food required by his faith

during a holy month in his religion.  Like *Allen v. Iranon,* the two year statutory limit must be tolled by the equitable doctrine of continuing violations[1].

**B.**   **To the extent the Court determines that continuing violations is not sufficiently alleged in the SAC, Mr. Long should be granted leave to amend.**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (quotations omitted).  This is particularly true with pro se litigants.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Mr. Long has been forced to struggle at every turn. He initiated this case without counsel and has already had to change counsel once.  From the basic human right of having a meal that to eat that would not violate his religious beliefs, to the relatively more complex requirement of being able to pursue administrative recourse for the unconstitutional hours he was forced to go without food or choose

---

[1]  Although the continuing violations doctrine is commonly evaluated for employment claims because continuing violations are common in that context, the doctrine is not exclusive to employment discrimination.  *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1100 (C.D. Cal. 2008) (tolling the statute of limitation period for a series of privacy violations and other torts alleged to be committed by the complainant's estranged wife and her law firm).  In both employment and prison settings, the continuing violation is frequently based on a series of acts by someone to whom the plaintiff feels subordinate.  And, while individual acts might fall outside the statute of limitations in isolation, it is the accumulation of a series of related acts that triggers equitable tolling.

to violate his religion, prison officials have continuously obstructed his path forward in every possible way.

In the event the Court is inclined to grant the motion, Mr. Long requests leave to amend.  In filing his complaint, Mr. Long did not have a burden to refute affirmative defenses.  "[I]t is well-settled that statutes of limitations are affirmative defenses, not pleading requirements." *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) overruled on other grounds in *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).  Now that Sgt. Makua has raised the affirmative defense of statute of limitations in the instant motion to dismiss, at the very least Mr. Long should be allowed to amend and take discovery on issues related to this affirmative defense.

## V.    CONCLUSION

Taken in the light most favorable to Mr. Long, the complaint and the events described in the compliant are more than adequate to satisfy the inference the actions of Sgt. Makua in 2013 are sufficiently related to those of other officers in 2014 to toll the statute of limitations.  The claim against Sgt. Makua should not be dismissed at this stage as time barred.  The issue may be evaluated at a later stage after Plaintiff has conducted discovery.

However, in the alternative, Plaintiff seeks leave to amend the complaint to add allegations, consistent with Fed. R. Civ. P. 11, that reflect the

continuing violations and rebut Sgt. Makua's statute of limitations affirmative

defense.

   DATED: Honolulu, Hawai`i, September 29, 2017.


         /s/ Christopher G. M. Fargo-Masuda
        KRISTIN L. HOLLAND
        CHRISTOPHER G. M. FARGO-MASUDA

        Attorneys for Plaintiff
        DE WITT LAMAR LONG